IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2010

**STATE OF TENNESSEE v. DERRICK GATES**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 07-08680     Chris Craft, Judge**

**No. W2009-01311-CCA-R3-CD   -   Filed November 1, 2010**

The appellant, Derrick Gates, pled guilty in the Shelby County Criminal Court to aggravated robbery and attempted aggravated robbery. After a sentencing hearing, the trial court ordered him to serve consecutive sentences of thirty and ten years, respectively. On appeal, the appellant argues that the trial court erred by ordering consecutive sentencing. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Larry Copeland and Joseph S. Ozment, Memphis, Tennessee, for the appellant, Derrick Gates.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Pamela Diane Fleming, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on December 14, 2006, the appellant entered a Family Dollar store, pointed a knife at Lashaundra Pollion, an employee of the store, and demanded money from the cash register. Ms. Pollion threw the money onto the floor, and the appellant picked it up. Afterward, the appellant confronted Joyce Shelton, the store manager, and demanded that she open the store's safe. The manager tried but could not open the safe, the appellant

fled the scene, and the police apprehended him.

At the sentencing hearing, Phyllis Cathey testified that she was employed by the criminal court clerk's office and acknowledged that she was responsible for maintaining documentation of convictions as part of her employment duties. She stated that the appellant had multiple prior convictions for robbery committed with a deadly weapon and a prior conviction for larceny from the person. On cross-examination, Cathey testified that the appellant committed all of the prior offenses in 1986. He received twenty-year sentences for the robbery convictions and a three-year sentence for the larceny conviction.

The appellant testified that he committed the prior crimes in October and December 1986 when he was seventeen years old. At the time he committed the 1986 offenses, he was young and using cocaine and alcohol. He acknowledged that his cases were transferred to adult court, that he received an effective twenty-year sentence for his convictions, and that he served nineteen years in prison. The appellant tried to find a job after his release from confinement but could not obtain employment due to his criminal record and lack of work experience. The appellant did some landscaping work and "odd jobs here and there." He began using alcohol and cocaine again and committed the instant crimes about nine months after he was released from prison. He acknowledged that he made bad decisions in committing the present offenses but said that he did not hurt anyone. He acknowledged that someone could have been injured. He stated that his father had a lot of medical bills, that he was trying to help his father, that he was "just trying really to survive," and that he should receive "another opportunity for life."

On cross-examination, the appellant acknowledged that he had four prior convictions for robbery committed with a deadly weapon and one prior conviction for larceny from the person and that he got into a fight in prison while he was serving his effective twenty-year sentence for those convictions. When he was released from prison, he bought cocaine. He acknowledged that he used a butcher knife to commit the crimes in this case and that he pointed the knife at the female employee. However, he said he did not "jab at that lady." He acknowledged that although the employee gave him money from the cash register, he did not leave the store. According to the appellant, after Ms. Pollion gave him the money from the cash register, she "sent for the manager." When the manager arrived, the appellant ordered the store manager to open the safe. The State played a surveillance videotape of the scene for the appellant, and he stated that he did not "shove[] that knife at that lady."

The State introduced into evidence the appellant's 2009 presentence report. According to the report, the then thirty-nine-year-old appellant claimed that he dropped out of high school in the tenth grade but obtained his GED in prison. The appellant reported that he was a diabetic and suffered from high blood pressure. In the report, the appellant stated that he

began using alcohol and marijuana when he was thirteen years old and that he last used them in 2006. The report shows no employment or military history for the appellant. The State also introduced into evidence judgment forms confirming that the appellant has four prior convictions for robbery committed with a deadly weapon and one prior conviction for larceny from the person.

The trial court did not apply any enhancement or mitigating factors and sentenced the appellant as a Range III, career offender to thirty years for the aggravated robbery conviction, a Class B felony, and as a Range III, persistent offender to ten years for the attempted aggravated robbery conviction, a Class C felony. See Tenn. Code Ann. § 40-35-112(c)(2), (3). The trial court ordered the appellant to serve the sentences consecutively for an effective sentence of forty years in confinement.

## II. Analysis

The appellant contends that the trial court erred by ordering consecutive sentencing. In a related argument, he contends that the appropriate standard of review in this case is de novo with no presumption of correctness because the trial court failed to consider sentencing principles and all relevant facts and circumstances as required by Tennessee Code Annotated section 40-35-201(e). The State argues that the trial court properly ordered consecutive sentencing. We agree with the State.

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

Regarding the standard of review, before announcing the appellant's sentence, the trial court stated that it was considering the appellant's presentence report, the principles of

sentencing and arguments made by counsel, the characteristics of the criminal conduct involved, enhancement and mitigating evidence offered by the parties, statistical information provided by the Administrative Office of the Courts, the appellant's testimony, his lack of potential for rehabilitation, and his poor social history. The trial court adequately considered sentencing principles and relevant facts and circumstances. Therefore, its ruling is entitled to a presumption of correctness.

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order consecutive sentencing for a defendant convicted of more than one offense if the court finds the following by a preponderance of the evidence:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

"Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court." State v. Adams, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

According to the State, the trial court ordered consecutive sentencing based upon the appellant's being a professional criminal, having an extensive criminal record, and being a dangerous offender. See Tenn. Code Ann. § 40-35-115(b)(1), (2), (4). We disagree. In ordering consecutive sentencing, the trial court stated as follows:

> Looking at . . . consecutive factors. One to consider is that he's a professional criminal who's knowing[ly] devoted his life to criminal acts as a major source of livelihood.
>
> The problem with that is that - and I kind of find that's true. The problem with it is that he's been in prison most of his adult life on all of these offenses. Hasn't had time to have a job, even though he's never worked.
>
> But, he was recently let out and promptly committed these offenses, or these two offenses that are here.
>
> . . . .
>
> It's also hard to find that he's an offender, [whose] record of criminal activity is extensive, although I think that I could find that in the time he's been out of prison, he has extensive criminal activity. The problem is he spent nineteen years in prison.

Although the court addressed the professional criminal and extensive criminal history factors, the language used by the trial court does not convince us that the court found those factors applicable for consecutive sentencing.

However, the trial court found the appellant to be a dangerous offender. See Tenn. Code Ann. § 40-35-115(b)(4). In order to support consecutive sentencing based upon a defendant's being a dangerous offender, a court must find that "(1) the sentences are necessary in order to protect the public from further misconduct by the defendant and (2) 'the terms are reasonably related to the severity of the offenses.'" State v. Moore, 942 S.W.2d

570, 574 (Tenn. Crim. App. 1996) (quoting State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995)). Moreover, trial courts must make specific findings regarding these Wilkerson factors before imposing consecutive sentences. State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

In finding the appellant to be a dangerous offender, the trial court determined that confinement was necessary to protect society from the appellant because "[h]e's a drug addict and apparently did not try to find a job, at all when he was released from prison. And he resorted to criminal activity in furtherance of an anti-societal life-style." The court also found the circumstances surrounding the offense to be aggravated because the videotape showed the appellant holding a very large butcher knife and "[s]lashing and lunging" at the female employee. The court addressed the Wilkerson factors, and we agree that the manner in which the appellant committed the crimes supports those factors. Therefore, consecutive sentencing is appropriate in this case.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE